# UNITED STATES JUDICIAL PANEL
on
# MULTIDISTRICT LITIGATION

**IN RE: HSBC BANK USA, N.A., DEBIT CARD
OVERDRAFT FEE LITIGATION**                                    MDL No. 2451

## TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendant HSBC Bank USA, N.A. (HSBC) moves to centralize this litigation in the Eastern District of New York. This litigation currently consists of two actions pending in the Eastern District of New York and one action pending in the Eastern District of Virginia, as listed in Schedule A. All responding parties support centralization in the Eastern District of New York.[1]

Although all the parties agree on centralization of this litigation, the Panel has an institutional responsibility to consider whether centralization outside the plaintiffs' original choice of forum is necessary to achieve efficiencies and promote justice. *See In re Equinox Fitness Wage & Hour Emp't Practices Litig.*, 764 F. Supp. 2d 1347, 1348-49 (J.P.M.L. 2011). Accordingly, we have considered whether alternatives to formal centralization, such as transfer under 28 U.S.C. § 1404 or voluntary cooperation among the few involved counsel and courts, are preferable to centralization. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378 (J.P.M.L. 2012) (denying centralization in favor of Section 1404 transfer). Here, we are not convinced that such alternatives to centralization are viable, despite the small number of actions. No motion to transfer pursuant to Section 1404 has been filed in any action, and the overlapping putative nationwide classes in each action likely will require that a consolidated class action complaint be filed following centralization. Similarly, there is no indication in this instance that informal cooperation or coordination among the parties would be an effective substitute for the more formal coordination benefits of centralization.

Accordingly, on the basis of the papers filed, we find that these actions involve common questions of fact, and that centralization of these actions in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to the imposition of overdraft fees by HSBC on its customers' checking accounts in a manner that, according to plaintiffs, improperly results in maximizing the amount of these fees. Centralization will eliminate duplicative discovery; prevent

---

[1] The plaintiff in the action pending in the Eastern District of Virginia originally favored centralization in that district, but subsequently changed her position to support centralization in the Eastern District of New York. All of the parties waived oral argument and, accordingly, the question of Section 1407 centralization was submitted on the briefs. *See* Panel Rule 11.1.

inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Eastern District of New York is the most appropriate transferee district for this litigation. All parties support centralization in this district, where two of the three actions on the motion are pending. The Eastern District of New York also appears to be near the center of gravity of HSBC's business and potentially relevant discovery in this matter. A related state court action is pending in New York state court, and centralization in the Eastern District of New York may facilitate coordination with the state action, if necessary. The district also has the capacity to manage this litigation efficiently and is both convenient and accessible to all parties. Finally, centralization in the Eastern District of New York allows us to transfer these actions to an able transferee judge with experience presiding over multidistrict litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Eastern District of New York is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Arthur D. Spatt for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Paul J. Barbadoro         Marjorie O. Rendell
Charles R. Breyer         Lewis A. Kaplan

**IN RE: HSBC BANK USA, N.A., DEBIT CARD**
**OVERDRAFT FEE LITIGATION**                          MDL No. 2451

## SCHEDULE A

<u>Eastern District of New York</u>

Darek Jura v. HSBC Bank USA, N.A., et al., C.A. No. 1:12-06224
Ofra Levin, et al. v. HSBC Bank USA, N.A., et al., C.A. No. 2:12-05696

<u>Eastern District of Virginia</u>

Leah Hanes v. HSBC Bank USA, N.A., C.A. No. 1:13-00229